DOUGLAS A. PLAZAK, SBN 181709
Email: dplazak@rhlaw.com
SCOTT TALKOV, SBN 264676
Email: stalkov@rhlaw.com
**REID & HELLYER**
A Professional Corporation
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415

Attorneys for Plaintiff
Robert S. Whitmore, Chapter 7 Trustee

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | ) Case No. 6:14-bk-18815-WJ |
| | ) |
| Peter Francis Macera, Jr. | ) Adv. No. _____ |
| | ) |
| Debtor. | ) Chapter 7 |
| _____ | ) |
| | ) **CHAPTER 7 TRUSTEE'S COMPLAINT** |
| Robert S. Whitmore, Chapter 7 trustee, | ) **TO AVOID PREFERENCES, DETERMINE** |
| | ) **INTEREST IN REAL PROPERTY AND** |
| Plaintiff, | ) **RECOVER FRAUDULENT TRANSFER** |
| | ) [11 U.S.C. §§ 547(b), 548] |
| v. | ) |
| | ) |
| Wells Fargo Bank, N.A., a national banking | ) |
| association; El Drag, Inc., a California | ) |
| corporation; Peter Francis Macera, Jr.; Susan | ) |
| Lehman, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Robert S. Whitmore, the duly appointed, qualified and acting Chapter 7 trustee ("Trustee") for the

bankruptcy estate of Peter Francis Macera, Jr. ("Debtor"), submits the following Complaint to

avoid preferences, determine interest in real property and recover fraudulent transfer as follows:

**INTRODUCTORY ALLEGATIONS**

1.      This Complaint arises from Debtor's grant of a trust deed on unencumbered real

property in the name of Debtor's wholly-owned corporation sixty-nine (69) days before filing a

Chapter 7 petition on account of Debtor's antecedent debt, which the trustee seeks to avoid as a

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1  preference under § 547(b). The Trustee also seeks to recover this property for the benefit of the

2  Estate.

3      2.    The Complaint also arises from a transfer of another real property by the Debtor's

4  wholly-owned corporation to himself and a third party 27 days before the petition date. The Trustee

5  seeks to avoid the transfer of the one-half interest to the third party for the benefit of the Estate as a

6  fraudulent transfer or preference.

7  **STATEMENT OF JURISDICTION AND VENUE**

8      3.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F).

9      4.    The instant adversary proceeding is brought pursuant to 11 U.S.C. § 547 and Rules

10  7001(1)-(2) and 7003 of the Federal Rules of Bankruptcy Procedure.

11      5.    Venue is proper pursuant to 28 U.S.C. § 1409 by virtue of this bankruptcy case

12  pending before the United States Bankruptcy Court for the Central District of California.

13      6.    This adversary proceeding arises out of and is related to the voluntary, and currently

14  pending, Chapter 7 bankruptcy case *In re Peter Francis Macera, Jr.*, Case No. 6:14-bk-18815-WH,

15  filed on July 8, 2014 ("Petition Date"), in the United States Bankruptcy Court for the Central

16  District of California, Riverside Division.

17  **PARTIES TO THE ACTION**

18      7.    Plaintiff Robert S. Whitmore, Chapter 7 Trustee, is the duly appointed, qualified and

19  acting Chapter 7 Trustee of the above-entitled estate.

20      8.    Defendant Wells Fargo Bank, N.A., is a national banking association ("Wells

21  Fargo").

22      9.    Defendant El Drag, Inc. ("El Drag") is a California corporation incorporated on May

23  15, 2003. Upon information and belief, Debtor was the only shareholder of El Drag from the date of

24  its incorporation to the Petition Date.

25      10.    Defendant Susan Lehman is an individual believed

26      11.    Defendant Peter Francis Macera, Jr. is an individual and the Debtor in the Chapter 7

27  bankruptcy case *In re Peter Francis Macera, Jr.*, Case No. 6:14-bk-18815-WH.

28  / / /

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

### PREFERENTIAL LIEN ON EL DRAG'S VICTORVILLE PROPERTY

12.     On or about June 9, 2003, Debtor, in his capacity as President of Gladstone Financial, Inc., a Nevada corporation, transferred the real property improved with a single family residence commonly known as 13533 2nd Ave, Victorville, San Bernardino County, California, APN 3090-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 (the "Victorville Property") to El Drag. A true and correct copy of the grant deed is attached as Exhibit 1. A true and correct copy of the San Bernardino County Property Information Management System profile on the Victorville Property is attached as Exhibit 2.

### Original Deed of Trust

13.     On or about November 14, 2003, Debtor executed a note in the principal sum of $75,000 that is now owed to Wells Fargo ("Note").

14.     On November 14, 2003, a deed of trust securing the Note was recorded, listing Debtor, an individual, as borrower and trustor ("Original Deed of Trust"). A true and correct copy of the Original Deed of Trust is attached as Exhibit 3.

15.     On the date of the Original Deed of Trust, the Victorville Property was owned by El Drag.

### Notices of Default and Sale

16.     On or about February 28, 2012, a notice of default on the Original Deed of Trust was recorded. The notice of default attached a declaration from a Vice President of Wells describing Debtor as "borrower." A true and correct copy of this notice of default is attached as Exhibit 4.

17.     On or about February 21, 2013, a rescission of the prior notice of default on the Original Deed of Trust was recorded, which indicates that the Original Deed of Trust was "executed by" Debtor. A true and correct copy of the rescission is attached as Exhibit 5.

18.     On April 19, 2013,  a notice of default on the Original Deed of Trust was recorded. The notice of default attached a declaration from a Vice President of Wells Fargo describing Debtor as "borrower." A true and correct copy of this notice of default is attached as Exhibit 6.

19.     On July 16, 2013, a notice of trustee's sale was recorded indicating that Original Deed of Trust was "executed by" Debtor. A true and correct copy of this notice of trustee's sale is attached as Exhibit 7.

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

**Judgment and $3.3M Writ of Execution Against Debtor**

20.    On or about January 23, 2014, a writ of execution in the amount of $3,304,176.58 was issued against Debtor as a result of a judgment in San Bernardino County Superior Court Case No. CIVVS701229, *Bassaly #1 v. Macera*. A true and correct copy of this writ of execution is attached as Exhibit 8.

**New Trust Deed on Victorville Property**

21.    On April 30, 2014, Debtor executed what is titled "Deed of Trust" in favor of Wells Fargo ("New Deed of Trust"). The New Deed of Trust purports to be "executed and recorded solely to correct the identity of the Borrower/Trustor" in the Original Deed of Trust. A true and correct copy of the New Deed of Trust is attached as Exhibit 9.

22.    Upon information and belief, the New Deed of Trust was executed because the Original Deed of Trust did not have the legal effect of being secured by the Victorville Property.

23.    The New Deed of Trust provides that "Borrower hereby grants and conveys the above described property to Trustee and Beneficiary under [the Original] Deed of Trust . . . ." The New Deed of Trust is signed by the "Borrower," which it identifies as Debtor solely in his capacity as President of El Drag.

24.    Upon information and belief, El Drag was not a borrower under the terms of the original Note.

**TRANSFER OF EL DRAG'S APPLE VALLEY PROPERTY**

25.    On or about December 7, 2007, Debtor, as President of Gladstone Financial, Inc., a Nevada corporation, transferred Gladstone Financial, Inc.'s interest to El Drag in the real property improved with a residence and ranch located at 16100 Navajo Road, Apple Valley, San Bernardino County, California, APN 0437-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 ("Apple Valley Property"). A true and correct copy of the grant deed is attached as Exhibit 10.

26.    On June 11, 2014, Debtor, as President of El Drag, transferred El Drag's interest in the Apple Valley Property to himself, individually, and to Susan Lehman, individually, as tenants in common with each owing a one-half interest ("Apple Valley Transfer"). A true and correct copy of this grant deed is attached as Exhibit 11.

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1    **DEBTOR'S BANKRUPTCY FILED SHORTLY AFTER TRANSFERS**

2      27. On July 8, 2014, Debtor filed for Chapter 7 protection, declaring on Schedule B that

3    his personal property includes "100% ownership of El Drag, Inc. Inactive. Liabilities exceed

4    assets."

5    **DISSOLUTION OF CORPORATION ONE DAY AFTER PETITION**

6      28. Upon information and belief, on July 9, 2014, a certificate of dissolution of El Drag

7    was filed with the California Secretary of State.

8    **I.**

9    **FIRST CLAIM FOR RELIEF**

10    **(For Avoidance of Preferential Transfer Under 11 U.S.C. § 547(b) - Against Wells Fargo)**

11      29. Trustee hereby incorporates each and every allegation set forth above as though fully

12    set forth herein.

13      30. The New Trust Deed constitutes a "transfer of an interest of the debtor in property"

14    under 11 U.S.C. § 547(b) because 11 U.S.C. § 101(54) defines "transfer" to include "the creation of

15    a lien," "the retention of title as a security interest," or the "disposing of or parting with (i)

16    property; or (ii) an interest in property."

17      31. The New Trust Deed was "to or for the benefit of a creditor," notably Wells Fargo,

18    under 11 U.S.C. § 547(b)(1).

19      32. The New Trust Deed executed on April 30, 2014 was "for or on account of an

20    antecedent debt owed by the debtor before such transfer was made" under 11 U.S.C. § 547(b)(2)

21    because the Debtor owed the debt on or about November 14, 2003.

22      33. Upon information and belief, the New Trust Deed executed on April 30, 2014 was

23    "made while the debtor was insolvent" under 11 U.S.C. § 547(b)(3). "[T]he debtor is presumed to

24    have been insolvent on and during the 90 days immediately preceding the date of the filing of the

25    petition" of July 8, 2014 under 11 U.S.C. § 547(f).

26      34. The New Trust Deed executed April 30, 2014 was "made-- on or within 90 days

27    before the date of the filing of the petition" of July 8, 2014 under 11 U.S.C. § 547(b)(4)(A).

28    / / /

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

35.    By virtue of the New Deed of Trust, Trustee is informed and believes and based thereon alleges that, Wells Fargo received more than it would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the Transfer had not been made; and (c) Wells Fargo received payment of such debt to the extent provided by title 11 of the United States Code.

36.    Trustee is entitled to a judgment that the New Trust Deed against the Victorville Property constitutes an avoidable preference pursuant to 11 U.S.C. § 547(b).

## II.

### SECOND CLAIM FOR RELIEF

### (For Declaratory Relief re: Interest of Victorville Property

### - Against Wells Fargo, El Drag and Debtor)

37.    Trustee hereby incorporates each and every allegation set forth above as though fully set forth herein.

38.    On or about July 9, 2014, a certificate of dissolution of El Drag was filed with the California Secretary of State.

39.    Under California Corporations Code § 2004, "the board shall distribute all the remaining corporate assets among the shareholders according to their respective rights" upon dissolution.

40.    Upon dissolution, El Drag held a 100% interest in the Victorville Property.

41.    Upon dissolution or upon the Petition Date, Debtor held a 100% interest in El Drag.

42.    Trustee requests a declaration of this Court that the Victorville Property is now property of the Debtor's bankruptcy estate.

## III.

### THIRD CLAIM FOR RELIEF

### (For Avoidance of Fraudulent Transfer Under 11 U.S.C. § 548

### - Against El Drag, Debtor & Susan Lehman)

43.    Trustee hereby incorporates each and every allegation set forth above as though fully set forth herein.

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

44.     Apple Valley Transfer constitutes a transfer of one-half of the Apple Valley Property to Susan Lehman under 11 U.S.C. § 101(54), which defines a "transfer" to include the "disposing of or parting with (i) property; or (ii) an interest in property."

45.     The Apple Valley Transfer was made within 2 years before the Petition Date.

46.     The Apple Valley Transfer constituted a voluntary transfer by the Debtor.

47.     Upon information and belief, the Apple Valley Transfer was made with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became indebted on or after the date that the Apple Valley Transfer was made.

48.     Upon information and belief, the Debtor and/or El Drag received less than a reasonably equivalent value in exchange for the Apple Valley Transfer.

49.     Upon information and belief, the Debtor was either 1) insolvent on the date that the Apple Valley Transfer was made, 2) became insolvent as a result of the Apple Valley Transfer, or 3) made the Apple Valley Transfer to or for the benefit of an insider.

50.     Alternatively, upon information and belief, Susan Lehman is a general partner of the Debtor, and the Debtor was insolvent on the date the Apple Valley Transfer was made or became insolvent as a result of the Apple Valley Transfer.

51.     Trustee is entitled to a judgment that the Apple Valley Transfer to Susan Lehman is avoided as a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1).

52.     Trustee is also entitled to a judgment that the one-half interest in the Apple Valley Property transferred to Susan Lehman in the Apple Valley Transfer is property of the Debtor's bankruptcy estate.

53.     Trustee is further entitled to a judgment that no exemption may be claimed in the one-half interest in the Apple Valley Property voluntarily transferred by Debtor to Susan Lehman under 11 U.S.C. § 522(g)(1)(A).

/ / /

/ / /

/ / /

/ / /

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

**IV.**

**FOURTH CLAIM FOR RELIEF**

**(For Avoidance of Preferential Transfer Under 11 U.S.C. § 547(b) - Against Susan Lehman)**

54.    Trustee hereby incorporates each and every allegation set forth above as though fully set forth herein.

55.    Upon information and belief, Susan Lehman may allege that she is or was a creditor of the Debtor or his estate.

56.    The Apple Valley Transfer constitutes a "transfer of an interest of the debtor in property" under 11 U.S.C. § 547(b) because 11 U.S.C. § 101(54), which defines "transfer" to include the "disposing of or parting with (i) property; or (ii) an interest in property."

57.    Upon information and belief, the Apple Valley Transfer was "to or for the benefit of a creditor" under 11 U.S.C. § 547(b)(1).

58.    Upon information and belief, the Apple Valley Transfer on or about April 30, 2014 was "for or on account of an antecedent debt owed by the debtor before such transfer was made" under 11 U.S.C. § 547(b)(2).

59.    Upon information and belief, the Apple Valley Transfer on or about April 30, 2014 was "made while the debtor was insolvent" under 11 U.S.C. § 547(b)(3). "[T]he debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition" of July 8, 2014 under 11 U.S.C. § 547(f).

60.    The Apple Valley Transfer on or about April 30, 2014 was "made-- on or within 90 days before the date of the filing of the petition" of July 8, 2014 under 11 U.S.C. § 547(b)(4)(A).

21.    By virtue of the Apple Valley Transfer, Trustee is informed and believes and based thereon alleges that, Susan Lehman received more than she would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the Transfer had not been made; and (c) Susan Lehman received payment of such debt to the extent provided by title 11 of the United States Code.

/ / /

/ / /

1    61.    Trustee is entitled to a judgment that the transfer of a one-half interest in the Apple

2    Valley Property through the Apple Valley Transfer constitutes an avoidable preference pursuant to

3    11 U.S.C. § 547(b).

4    **PRAYER FOR RELIEF**

5    **WHEREFORE**, Trustee requests that this Court enter a judgment as follows:

6    Against Wells Fargo Only:

7    1.    For a determination that the New Trust Deed is avoided;

8    2.    For a determination that the New Trust Deed is void;

9    Against Wells Fargo, El Drag and Debtor Only:

10    3.    For a judicial declaration that the Victorville Property is property of the Debtor's

11    bankruptcy estate;

12    Against El Drag, Debtor & Susan Lehman Only:

13    4.    For a determination that the Apple Valley Transfer is avoided;

14    5.    For a determination that the one-half interest in the Apple Valley Property

15    transferred to Susan Lehman in the Apple Valley Transfer is property of the

16    Debtor's bankruptcy estate;

17    6.    For a determination that no exemption may be claimed in the one-half interest in the

18    Apple Valley Property voluntarily transferred by Debtor to Susan Lehman;

19    Against Susan Lehman Only:

20    7.    For a determination that the transfer of a one-half interest in the Apple Valley

21    Property through the Apple Valley Transfer constitutes an avoidable preference;

22    Against All Defendants:

23    8.    For attorneys' fees and cost of suit incurred herein, if allowed by law; and

24    9.    For such other and further relief as the Court deems just and proper.

25    DATED: February 10, 2015                    REID & HELLYER
                                                   A PROFESSIONAL CORPORATION
26                                                 By:    /s/ Scott Talkov
                                                          DOUGLAS A. PLAZAK
27                                                        SCOTT TALKOV
                                                   Attorneys for Robert S. Whitmore, Chapter
28                                                 7 Trustee

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

# Exhibit 1

RECORDED AT THE REQUEST OF
FIRST AMERICAN TITLE INSURANCE CO.

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:
El Drag, Inc.
9214 SVL Box
Victorville,CA 92392

Recorded in Official Records, County of San Bernardino    6/09/2003
                                                          3:00 PM
**LARRY WALKER**                                          DA
Auditor/Controller — Recorder

712 First American — DC

Doc#: **2003−0384960**

| Titles: 1 | Pages: 1 |
|---|---|
| Fees | 6.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $6.00 |

27-3521

A.P.N.: 3090-191-17           Order No.:

_____ Space Above This Line for Recorder's Use Only _____
Escrow No.:

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) THAT DOCUMENTARY TRANSFER TAX IS: COUNTY $ None NO CONSIDERATION
[ X ]  computed on full value of property conveyed, or
[   ]  computed on full value less value of liens or encumbrances remaining at time of sale,
[   ]  unincorporated area;  [ X ] City of Victorville , and

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged,
**Goldstone Financial Inc., a Nevada Corporation**

hereby GRANT(S) to  **El Drag, Inc., a California Close Corporation**

the following described property in the City of **Victorville**, County of **San Bernardino** State of California;

**Lot 35, Tract 5419, recorded in Book 67, Page 38 to 42 inclusive records of said County**

THIS INSTRUMENT FILED FOR RECORD BY FIRST AMERICAN
TITLE CO. AS AN ACCOMMODATION ONLY  IT HAS NOT
BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS
EFFECT UPON TITLE.

Goldstone Financial Inc., a Nevada Corporation

By: _____
        President

Document Date: _06/09/03_

STATE OF CALIFORNIA          )SS
COUNTY OF  San Bernardino    )
On   June 9, 2003          before me,   Diane Welch
personally appeared     ** Peter F. Macera Jr. **
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _____

*********************************
*   ★   DIANE WELCH        ★   *
*   ★   COMMISSION #1285085 ★   *
*   ★   NOTARY PUBLIC-CALIFORNIA ★ *
*   ★   SAN BERNARDINO COUNTY ★  *
*   ★   My Commission Expires Nov. 23, 2004 ★ *
*********************************

This area for official notarial seal.

Mail Tax Statements to:    SAME AS ABOVE  or  Address Noted Below

# Exhibit 2

# Property Information Management System

**San Bernardino County**

**Office of the Assessor**



OWNERSHIP HISTORY REPORT FOR PARCEL 3090-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

**San Bernardino County Assessor**



| | |
|---:|:---|
| **Parcel** | 3090191170000 |
| **Parcel Status** | ACTIVE |
| **Parcel Type** | REAL PROPERTY |
| **Property ID** | |
| **Tax Status** | ASSESSED BY COUNTY |
| **Use Code** | SFR |
| **Land Access** | PUBLIC PAVED |
| **Size** | 20,000 SQ. FEET TO 1.500 ACRES |
| **Land Type** | SINGLE FAMILY RESIDENTIAL |
| **District** | HESPERIA |
| **Resp Group** | REAL PROPERTY |
| **Resp Unit** | RES ZONE(MAX 4 UTS) &USE EX HPC/MHM(1-4 UTS,CHURCH) |

## Ownership History

### Owner Name: EL DRAG INC

| | | |
|---:|:---|:---|
| **R/I** | CORPORATION | **Document Numbers** |
| **% Int** | 100.0000000 | 20030384960 |
| **Type** | BILLED OWNER | |
| **Acquisition Date** | 06/09/2003 | |
| **Document Date** | 06/09/2003 | |
| **Inactive Date** | NONE | |

### Owner Name: GOLDSTONE FINANCIAL INC

| | | |
|---:|:---|:---|
| **R/I** | CORPORATION | **Document Numbers** |
| **% Int** | 100.0000000 | 20010426702 |
| **Type** | BILLED OWNER | |
| **Acquisition Date** | 09/20/2001 | |
| **Document Date** | 09/20/2001 | |
| **Inactive Date** | 06/08/2003 | |

# Exhibit 3

Fidelity National Financial

Recorded in Official Records, County of San Bernardino    11/14/2003
LARRY WALKER    8:00 AM
Auditor/Controller – Recorder    BGJ

**RECORDING REQUESTED BY:**
WORLD SAVINGS BANK

685 Fidelity/Santa Ana

**WHEN RECORDED MAIL TO:**
WORLD SAVINGS
FINAL DOCUMENTATION
CLOSING DEPARTMENT
P.O. BOX 659548
SAN ANTONIO, TX 78265-9548

**LOAN NUMBER:** 0022320485

**NOTE AMOUNT:** $75,000.00

4704934

| Doc#: 2003-0856907 | Titles: 1 | Pages: 19 |
|---|---|---|

| Fees | 62.00 |
|---|---|
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $62.00 |

FOR RECORDER'S USE ONLY

### DEED OF TRUST

THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST). AT LENDER'S OPTION THE SECURED NOTE MAY BE RENEWED OR RENEGOTIATED.

THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS DEED OF TRUST IS    $93,750.00 WHICH IS 125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT.

---

I.    **DEFINITIONS OF WORDS USED IN THIS DEED OF TRUST**
    **(A)    Security Instrument.** This Deed of Trust, which is dated  OCTOBER 30, 2003* * * * will be called the "Security Instrument."

    **(B)    Borrower.** PETER F MACERA JR, AN UNMARRIED MAN

sometimes will be called "Borrower" and sometimes simply "I" or "me."

    **(C)    Lender.** WORLD SAVINGS BANK, FSB, * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ITS SUCCESSORS AND/OR ASSIGNEES, will be called "Lender." Lender is  A FEDERAL SAVINGS BANK * * * * * * * * * * *   which is organized and exists under the laws of the United States. Lender's address is 1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612.

SD001A (03.22.02/4-02) A01A    Page 1    CA
DEED OF TRUST-ADJUSTABLE

*003*
LENDER'S USE ONLY

**(D)   Note.** The note signed by Borrower and having the same date as this Security Instrument, including all extensions, renewals, substitutions and modifications thereof, will be called the "Note." The Note shows that I owe Lender the original principal amount of U.S. **$75,000.00 * *** ("Note Amount"), plus accrued and deferred interest and such other amounts as stated in the Note. I have promised to pay this debt in monthly payments and to pay the debt in full by **DECEMBER 15, 2033.**

**(E)   Property.** The property that is described below in Section III entitled "Description of the Property" will be called the "Property."

**(F)   Sums Secured.** The amounts described below in Section II entitled "Borrower's Transfer of Rights in the Property" sometimes will be called the "Sums Secured."

**(G)   Person.** Any person, organization, governmental authority or other party will be called "Person."

**(H)   Trustor, Beneficiary, Trustee.** Borrower is the "Trustor," Lender is the "Beneficiary" and **GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., A CALIFORNIA CORPORATION * * * * * * *** is the "Trustee.

## II.   BORROWER'S TRANSFER OF RIGHTS IN THE PROPERTY

I irrevocably grant and convey the Property to the Trustee, in trust for Lender, with a power of sale subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender and Trustee those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who are beneficiaries of a deed of trust and to trustees of a deed of trust. I am giving Lender and Trustee these rights to protect Lender from possible losses that might result if I fail to:

(i)   pay all amounts owed to Lender under the Note and all other notes secured by this Security Instrument, called the "Secured Notes," including future advances made by Lender and any changes to the Secured Notes made with the written consent of Lender;

(ii)   pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 below to protect the value of the Property and Lender's rights in the Property; and

(iii)   keep all of my other promises and agreements under this Security Instrument, the Secured Notes and any changes to the Secured Notes made with the written consent of Lender.

## III.   DESCRIPTION OF THE PROPERTY

I give Trustee rights in the Property described below:

(i)   The property which is located at **13533 SECOND AVE, VICTORVILLE, CA   92392. * * * * * * * * * * * * * * * * * * * * * * *** The legal description of the Property is attached as Exhibit "A" which is made a part of this Security Instrument. This Property is called the "Described Property."

(ii)   All buildings and other improvements that are located on the Described Property;

(iii)   All rights in other property that I have as owner of the Described Property. These rights are known as easements, rights and appurtenances attached to the Property;

(iv)   All rents or royalties and other income from the Described Property;

(v)   All mineral, oil and gas rights and profits, water rights and stock that are part of the Described Property;

(vi)   All rights that I have in the land which lies in the streets or roads in front of, behind or next to, the Described Property;

(vii)   All fixtures that are now or in the future will be on the Described Property or on the property described in subsection (ii) of this Section;

(viii)   All of the rights and property described in subsections (ii) through (vii) of this Section that I acquire in the future;

(ix)   All replacements of or additions to the property described in subsections (ii) through (viii) of this Section; and

(x)   All of the amounts that I pay to Lender under Paragraph 2 below.

## IV.   BORROWER'S RIGHT TO GRANT A SECURITY INTEREST IN THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (i) I lawfully own the Property; (ii) I have the right to grant and convey the Property to Trustee; and (iii) there are no outstanding claims, charges, liens or encumbrances against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself and the Trustee has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

## COVENANTS

I promise and I agree with Lender as follows:

## 1.   BORROWER'S PROMISE TO PAY

I will pay to Lender, on time, all principal and interest due under the Secured Notes and any prepayment and late charges due under the Secured Notes.

## 2.   PAYMENTS FOR TAXES AND INSURANCE
### (A)   Borrower's Obligations

I will pay all amounts necessary to pay taxes and hazard insurance premiums on the Property as well as assessments, leasehold payments, ground rents or mortgage insurance premiums (if any).

**(B)   Escrow Accounts**

Subject to applicable law, no escrow shall be required except upon written demand by Lender, in which case, I shall pay to Lender on the day payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes, penalties and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; and (e) yearly mortgage insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for an escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and/or applicable law permits Lender to make such a charge. However, Lender may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay me any interest or earnings on the Funds. Lender shall give to me, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to me for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify me in writing, and, in such case I shall pay to Lender the amount necessary to make up the deficiency or shortage. I shall make up the deficiency or shortage in accordance with the requirements of the Lender, at its sole discretion, in the manner and times prescribed by RESPA.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to me any Funds held by Lender. If, under Paragraph 28, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

## 3.   APPLICATION OF BORROWER'S PAYMENTS

Unless the law requires otherwise, Lender will apply each of my payments under the Secured Notes and under Paragraphs 1 and 2 above in the following order and for the following purposes:

First, to pay prepayment charges due under the Secured Notes;

Second, to pay any advances due to Lender under this Security Instrument;

Third, to pay the amounts due to Lender under Paragraph 2 above;

Fourth, to pay interest due under the Secured Notes;

Fifth, to pay deferred interest due under the Secured Notes;

Sixth, to pay principal due under the Secured Notes;

Last, to pay late charges due under the Secured Notes.

## 4.   BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS

I will pay all taxes, assessments and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument.

I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property. I will pay these amounts either by making the payments to Lender that are described in Paragraph 2 above or by making the payments on time to the Person owed them.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a **lien.** I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves in writing the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that Person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give to me a notice identifying the superior lien. I will pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

## 5.   BORROWER'S OBLIGATION TO MAINTAIN INSURANCE

At my sole cost and expense, I will obtain and maintain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered

by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. I may choose the insurance company but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of these insurance policies and renewals of the policies must include what is known as a **Standard Mortgagee Clause** to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If I obtain earthquake insurance, any other hazard insurance, credit life and/or disability insurance, or any other insurance on or relating to the Property or the Secured Notes and which are not specifically required by Lender, I will name Lender as loss payee of any proceeds.

If there is a loss or damage to the Property, I will promptly notify the proper insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "Proceeds." Any Proceeds received will be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining the Proceeds, and then, at Lender's option and in the order and proportion as Lender may determine in its sole and absolute discretion, regardless of any impairment or lack of impairment of security, as follows: (A) to the extent allowed by applicable law, to the Sums Secured in a manner that Lender determines and/or (B) to the payment of costs and expenses of necessary repairs or to the restoration of the Property to a condition satisfactory to Lender, such application to be made in the manner and at the times as determined by Lender.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may collect the Proceeds. Lender may use the Proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given.

If any Proceeds are used to reduce the amount of principal which I owe to Lender under the Secured Notes, that use will not delay the due date or change the amount of any of my monthly payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

If Lender acquires the Property under Paragraph 28 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the Sums Secured immediately before the Property is acquired by Lender or sold.

If I am required by Lender to pay premiums for mortgage insurance, I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law.

## 6. BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL ANY LEASE OBLIGATIONS

I will keep the Property in good repair including, but not limited to, keeping the Property free from debris, mold, termites, dry rot and other damaging pests and infestations. I will not destroy or substantially change the Property and I will not allow the Property to deteriorate. I will keep and maintain the Property in compliance with any state or federal health and safety laws, and hazardous materials and hazardous waste laws. I will not use, generate, manufacture or store any hazardous materials or hazardous waste on, under or about the Property. I will indemnify, defend and hold harmless Lender and its employees, officers and directors and their successors from any claims, damages or costs for required or necessary repair or the removal of mold, termites, dry rot, other damaging pests and infestations and hazardous waste or any other hazardous materials claim. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing.

## 7. LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Section 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions. Although Lender may take action under this Paragraph 7, Lender does not have to do so. Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument.

I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes which have not been paid. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender. However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

## 8. LENDER'S RIGHT TO INSPECT THE PROPERTY

Lender, and others authorized by Lender, may enter upon and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection.

## 9. AGREEMENTS ABOUT GOVERNMENTAL TAKING OF THE PROPERTY

I assign to Lender all my rights: (A) to proceeds of all awards or claims for damages resulting from condemnation, eminent domain or other governmental taking of all or any part of the Property; and (B) to proceeds from a sale of all or any part of the Property that is made to avoid condemnation, eminent domain or other government taking of the property. All of those proceeds will be paid to Lender.

If all of the Property is taken, the proceeds will be used to reduce the Sums Secured. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise in writing, if

0022320485

only a part of the Property is taken, the amount that I owe to Lender will be reduced only by the amount of proceeds multiplied by the following fraction: (A) the total amount of the Sums Secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the Sums Secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Secured Notes, that use will not delay the due date or change the amount of any of my monthly payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

## 10.    CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS
### (A)    Borrower's Obligations
Lender may allow a Person who takes over my rights and obligations subject to this Security Instrument to delay or to change the amount of the monthly payments of principal and interest due under the Secured Notes or under this Security Instrument. Even if Lender does this, however, that Person and I will both still be fully obligated under the Secured Notes and under this Security Instrument.

Lender may allow those delays or changes for a Person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a Person for not fulfilling obligations under the Secured Notes or under this Security Instrument, even if Lender is requested to do so.

### (B)    Lender's Rights
Even if Lender does not exercise or enforce any of its rights under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right under Paragraph 28 below to demand that I make immediate payment in full of the amounts that I owe to Lender under the Secured Notes and under this Security Instrument.

## 11.    OBLIGATIONS OF BORROWER, CO-SIGNORS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS
Except as provided below, if more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured.

Any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signor"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signor's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signor's consent.

Any Person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made

in this Security Instrument. Similarly, any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument.

## 12.    MAXIMUM LOAN CHARGES

If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits and (B) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Secured Notes or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Secured Notes.

## 13.    LEGISLATION AFFECTING LENDER'S RIGHTS

If a change in applicable law would make any provision of the Secured Notes or this Security Instrument unenforceable, Lender may require that I make immediate payment in full of all Sums Secured by this Security Instrument.

## 14.    NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT

Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice will be addressed to me at **13425 SEAGULL DRIVE, VICTORVILLE, CA 92392.** * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
A notice will be given to me at an alternative address if I give Lender notice of my alternative address. I may give notice to Lender of my alternative address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes. Except as permitted above for changes of address, any notice that must be given to Lender under this Security Instrument will be given by mailing it by first class mail to Lender's address stated in Section I.(C) above entitled, "Definitions of Words Used In This Deed of Trust," unless Lender gives me notice of a different address. Any notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law.

## 15.    GOVERNING LAW; SEVERABILITY

**This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions, ("Federal Law") and, to the extent Federal Law does not apply, by the law of the jurisdiction in which the Property is located.** In the event that any of the terms or provisions of this Security Instrument or the Secured Notes are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Security Instrument or the Secured Notes.

## 16.    BORROWER'S COPY

I acknowledge the receipt of one conformed copy of the Secured Notes and of this Security Instrument.

## 17.    LENDER'S RIGHTS TO RENTAL PAYMENTS AND TO TAKE POSSESSION OF THE PROPERTY

If Lender requires immediate payment in full or if I abandon the Property, then Lender, Persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B), enter upon and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change rental agreements and leases. If Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 17, I agree that the

tenants may make those rental payments to Lender without having to ask (i) Lender whether I have failed to keep my promises and agreements under this Security Instrument, or (ii) me for my permission to do so.

If Lender acts to have the Property sold after a Breach of Duty as defined in Paragraph 28, I understand and agree that: (A) my right to occupy the Property ceases at the time the Property is sold; (B) I shall have no right to occupy the Property after such sale without the written consent of the new owner of the Property; and (C) my wrongful and unlawful possession of the Property may subject me to monetary damages, including the loss of reasonable rent and the cost of eviction. All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 17, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the Sums Secured. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the costs of any necessary bonds.

**18.    INJURY TO PROPERTY; ASSIGNMENT OF RIGHTS**
An **assignment** is a transfer of rights to another. I may have rights to bring legal action against persons, other than Lender, for injury or damage to the Property or in connection with the loan made to me by Lender and which arose or will arise before or after the date of this Security Instrument. These rights to bring legal action may include an action for breach of contract, fraud, concealment of a material fact or for intentional or negligent acts. I assign these rights, and any proceeds arising from these rights, as permitted by applicable law, to Lender. Lender may, at its option, enforce these rights in its own name and may apply any proceeds resulting from this assignment to any amount that I may owe to Lender under the Note and this Security Instrument after deducting any expenses, including attorneys' fees, incurred in enforcing these rights. At the request of Lender, I will sign any further assignments or other documents that may be necessary to enforce this assignment.

**19.    CLERICAL ERRORS**
In the event Lender at any time discovers that this Security Instrument, the Secured Notes or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold Lender responsible for any damage to me which may result from any such error.

**20.    LOST, STOLEN OR MUTILATED DOCUMENTS**
If any of the Loan Documents are lost, stolen, mutilated or destroyed and Lender delivers to me an indemnification in my favor, signed by Lender, then I will sign and deliver to Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

**21.    WAIVER OF STATUTE OF LIMITATIONS**
I will waive, within applicable law, the pleading of the statute of limitations as a defense to enforce this Security Instrument, including any obligations referred to in this Security Instrument or Secured Notes.

**22.    CAPTIONS**
The captions and headings at the beginning of each paragraph of this Security Instrument are for reference only and will not be used in the interpretation of any provision of this Security Instrument.

**23.    MODIFICATION**
This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

**24.   CONDOMINIUM, COOPERATIVE AND PLANNED UNIT DEVELOPMENT OBLIGATIONS**
If the Property is a unit in a condominium, cooperative or planned unit development, each of which shall be called the "Project," and I have an interest in the common elements of the Project, then Lender and I agree that:

**(A)**   If an owners association or other entity, called "Owners Association," holds title to Property for the benefit or use of the Project and its members or shareholders, the Property also includes my interest in the Owners Association and the uses, proceeds and benefits of my interest.

**(B)**   The following are called the "Constituent Documents:" (i) The declaration or any other document which created the Project; (ii) By-laws of the Owners Association; (iii) Code of regulations for the Project; (iv) Articles of incorporation, trust instrument or equivalent document which creates the Owners Association; (v) The Project's covenants, conditions and restrictions; (vi) Other equivalent documents.

I shall perform all of my obligations under the Constituent Documents, including my obligation to pay, when due, all dues and assessments. If I do not pay the dues and assessments when due, Lender may, at its option, pay them. I will pay to Lender any amounts which Lender advances under this Paragraph 24 according to the terms described in Paragraph 7 above.

**(C)**   If the Owners Association maintains, with an insurance company reasonably acceptable to Lender, a **master** or **blanket** policy on the Project which is satisfactory to Lender and which provides insurance coverage on the terms, in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," and Lender is provided with evidence of such **master** or **blanket** policy, then: (i) Lender waives the provision in Paragraph 2(B) above for the monthly payment to Lender of the estimated yearly premium installments for hazard insurance on the Property; and (ii) hazard insurance coverage on the Property as required by Paragraph 5 above is deemed to be satisfied to the extent that the required coverage is provided by the Owners Association policy. I shall give Lender prompt notice of any lapse in the required hazard insurance coverage. I shall provide a copy of such **master** or **blanket** policy to Lender annually.

In the event of a distribution of any hazard insurance proceeds, including without limitation any earthquake or special hazards insurance whether or not such coverage was required by Lender, in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to me are hereby assigned and shall be paid to Lender for application to the Sums Secured by this Security Instrument, with any excess paid to me.

I shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable to Lender in form, amount and extent of coverage.

**(D)**   I shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of condemnation, eminent domain or other governmental taking; (ii) any amendment to any provision of Constituent Documents unless the provision is for the express benefit of Lender or of lenders generally; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the **master** or **blanket** hazard insurance policy and/or the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

## 25.   FUTURE ADVANCES

At Borrower's request, Lender, at its option (but before release of this Security Instrument or the full reconveyance of the Property described in the Security Instrument) may lend future advances, with interest, to Borrower. Such future advances, with interest, will then be additional Sums Secured under this Security Instrument.

## 26.   AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED

**Acceleration of Payment of Sums Secured.** Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument.

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me.

**Exception to Acceleration of Payment of Sums Secured.** If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if:

(i)   Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender;

(ii)   Lender approves the creditworthiness of the transferee in writing;

(iii)   transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards;

(iv)   an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of Principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender; and

(v)   the transferee executes an assumption agreement which is satisfactory to Lender.

The loan may be assumed under its then existing terms and conditions with one exception; the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes.

## 27.   SUBSTITUTION OF TRUSTEE

I agree that Lender may at any time appoint a successor trustee and that Person shall become the Trustee under this Security Instrument as if originally named as Trustee.

## 28.   RIGHTS OF THE LENDER IF THERE IS A BREACH OF DUTY

It will be called a "Breach of Duty" if (i) I do not pay the full amount of each monthly payment on the date it is due; or (ii) I fail to perform any of my promises or agreements under the Note or this Security Instrument; or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading. If there is a Breach of Duty by me, Lender may demand an immediate payment of all sums secured.

If there is a Breach of Duty by me, Lender may take action to have the Property sold under any applicable law.

Lender does not have to give me notice of a Breach of Duty. If Lender does not make a demand for full payment upon a Breach of Duty, Lender may make a demand for full payment upon any other Breach of Duty.

If there is a Breach of Duty, Lender may also take action to have a receiver appointed to collect rents from any tenants on the Property and to manage the Property. The action to appoint a receiver may be taken without prior notice to me and regardless of the value of the Property.

The sale of the Property may be postponed by or at the direction of Lender. If the Property is sold, I agree that it may be sold in one parcel. I also agree that Lender may add to the amount that I owe to Lender all legal fees, costs, allowances, and disbursements incurred as a result of the action to sell the Property.

Lender will apply the proceeds from the sale of the Property in the following order: (A) to all fees, expenses and costs incurred in connection with the sale, including but not limited to, attorneys' fees, if any; (B) to all Sums Secured by this Security Instrument; and (C) any excess to the Person or Persons legally entitled to it.

## 29.   RECONVEYANCE

Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to Borrower. Lender may charge Borrower a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (including the Trustee) for services rendered and the charging of the fee is permitted, whether expressly or by lack of express prohibition, under applicable law. If the fee charged does not exceed any maximum fee set by applicable law, the fee is conclusively presumed to be reasonable.

## 30.   STATEMENT OF OBLIGATION

Lender may collect a fee of $60.00, or such greater maximum amount as may from time to time be allowed by law, for furnishing any statement of obligation with respect to this Security Instrument or the Secured Notes.

**31.     ( X )   QUICK QUALIFYING LOAN PROGRAM**

I have qualified for this loan by making statements of fact which were relied upon by Lender to approve the loan rapidly. This loan is called a "Quick Qualifying Loan." I have stated and I confirm that: (A) I do not have any other Quick Qualifying Loans with Lender; (B) I agree to not further encumber the Property and do not intend to further encumber the Property for at least six months after the date of the Secured Notes and this Security Instrument; and (C) If I am purchasing the Property, all of the terms of the purchase agreement submitted to Lender are true and the entire down payment is cash from my own funds.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin subject to the Lifetime Rate Cap stated in the Secured Notes.

**32.     (     )   OWNER OCCUPANCY**

Lender has relied upon statements of fact which I have made to qualify for this loan. I have stated and confirm that:   (A) the Property is my personal and primary residence; (B) I will occupy the Property not later than 30 days after this Security Instrument is recorded; and (C) I will use the Property as my residence for at least 12 months from the date this Security Instrument is recorded.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin, subject to the Lifetime Rate Cap stated in the Secured Notes.

**( X )   VALUE INDICATES THAT THE PARAGRAPH APPLIES.**

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.**

STATE OF California

COUNTY OF San Bernardino

On Nov 11, 2003 _____ before me, Mary Dousharm, notary Public
                                    (Name, Title of Officer)

personally appeared Peter F. Macera Jr.

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~); and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

(Signature of Notary Public)

MARY DOUSHARM
Commission # 1398022
Notary Public - California
San Bernardino County
My Comm. Expires Feb 3, 2007

(This area for notarial seal)

**BY SIGNING BELOW,** I accept and agree to the promises and agreements contained in this Security Instrument and in any rider(s) signed by me and recorded in proper official records.

**(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)**

BORROWER(S):

_____ (Seal)
**PETER  F  MACERA  JR**

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

**ATTACH  INDIVIDUAL   NOTARY  ACKNOWLEDGEMENT**

STATE OF _California_

COUNTY OF _San Bernardino_


On _Nov 11, 2003_ before me, _Mary Dousharm, Notary Public_

personally appeared _Peter F. Macera, Jr._

~~personally known to~~ me (or proved to me on the basis of satisfactory evidence to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by his/~~her/their~~ signature~~(s)~~ on the instrument the person~~(s)~~, or the entity upon behalf of which the person(s) acted, execute the instrument.


WITNESS my hand and official seal.


_Mary Dousharm_
_____

Signature of Notary Public)

MARY DOUSHARM
Commission # 1398022
Notary Public - California
San Bernardino County
My Comm. Expires Feb 3, 2007


(This area for notarial seal)

Order No. 4704934 - 408713



# EXHIBIT "ONE"

Lot 35, Tract 5419, County of San Bernardino, State of California, as per map recorded in Book 67, Page 38 to 42 inclusive of Maps, in the office of the County Recorder of said County.

Assessor's Parcel No: 3090-191-17-0-000

2

# GOVERNMENT CODE 27361.7

**I certify that under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:**

**Name of the Notary:** _Mary Dousharn_

**Commission Number:** _1398022_

**Date Commission Expires:** _Feb 3, 2007_

**County where Bond is Filed:** _San Bernardino_

**Manufacturer or Vendor Number:** _NNAI_
**(located on both sides of the seal)**

**Signature:** _____

**Place of Execution:** **Fidelity Title-PLD-Santa Ana**

**Date:** _11/13/03_

# Exhibit 4

Electronically Recorded in Official Records, County of San Bernardino    2/28/2012 02:12 PM BGJ

Recording requested by:
**LSI Title Company**

When Recorded Mail To:
**NDEx West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**

APN #: 3090-191-17-0-000
Property Address:
**13533 SECOND AVE**
**VICTORVILLE, CALIFORNIA 92392**



DFF20120015000922



**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
893  LPS Default Title & Closing

Doc #:  **2012-0076251**



| Titles: | 1 | Pages: | 4 |
|---|---|---|---|
| Fees | | | 27.00 |
| Taxes | | | .00 |
| Other | | | .00 |
| PAID | | | 27.00 |

Space above this line for Recorder's use only

Trustee Sale No. : 20120015000922        Title Order No.: 120067364

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice).**

**This amount is $3,800.15 as of 02/27/2012 and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.**

**Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).**

**Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor**

FCUS_NoticeOfDefault.rpt - Record - (10/17/2011) - Ver-33        Page 1 of 3

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 20120015000922          Title Order No.: 120067364

permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.**
**c/o NDEX WEST, LLC**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**
**(866) 795-1852**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: NDEX WEST, LLC is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 10/30/2003, executed by PETER F MACERA JR, as Trustor, to secure obligations in favor of WORLD SAVINGS BANK, FSB, as Beneficiary Recorded on 11/14/2003 as Instrument No. 2003-0856907 of official records in the Office of the Recorder of SAN BERNARDINO  County, California, as more fully described on said Deed of Trust. Including a Note(s)/ Unconditional Guaranty which had a principal amount of $75,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 11/15/2011 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.

NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 20120015000922        Title Order No.: 120067364

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

DATED: 02/27/2012

NDEX WEST, LLC as Agent for Beneficiary

By: _____

Melissa Hayes

See Attached Declaration



Peter F Macera Jr

## Declaration of Wells Fargo Bank, N.A.

As required by California Civil Code Section 2923.5, I, *Stephanie Gonzalez*
an officer of Wells Fargo Bank, N.A., declare as follows:

Regarding Peter F Macera Jr (hereinafter referred to as
"borrower"), Wells Fargo Bank, N.A., has met the requirement of
California Civil Code Section 2923.5 as indicated below.

(x) Wells Fargo Bank, N.A., has contacted the borrower as set
     forth in California Civil Code Section 2923.5(a)(2).

( ) Wells Fargo Bank, N.A., has tried with due diligence, as
     prescribed by California Civil Code Section 2923.5(g), to
     contact the borrower.

The undersigned authorizes the trustee, foreclosure agent and/or their
authorized agent to sign, on behalf of the beneficiary/authorized agent,
the Notice of Default containing the declaration required pursuant to
Civil Code 2923.5.

I certify (or declare) under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.

2·20·10
_____
Date

By: _____
Title: Vice President Loan Documentation

FP006 012 3GM

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801                    0000001044  1-11740

## **Exhibit 5**

Electronically Recorded in Official Records, County of San Bernardino  2/21/2013
10:16 AM

**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
893  LPS Default Title & Closing

Recording requested by:
**LSI Title Company**

When Recorded Mail To:
**NDEx West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**

Doc #: **2013-0075192**    Titles: 1    Pages: 1

| | |
|---|---|
| Fees | 18.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 18.00 |

APN #: **3090-191-17-0-000**
Property Address:
**13533 SECOND AVE**
**VICTORVILLE, CALIFORNIA  92392**

RND20120015000922

Space above this line for Recorder's use only

Trustee Sale No. : **20120015000922**         Title Order No.: **120067364**

# NOTICE OF RESCISSION OF NOTICE OF DEFAULT

**NOTICE IS HEREBY GIVEN THAT: NDEx West, L.L.C.** as agent for the beneficiary under a Deed of Trust dated 10/30/2003, executed by **PETER F MACERA JR**, as Trustor, to secure certain obligations in favor of **WORLD SAVINGS BANK, FSB**, as Beneficiary Recorded on 11/14/2003 as Instrument No. 2003-0856907 of official records in the Office of the Recorder of **SAN BERNARDINO**  County, **California** describing land therein as more fully described on the above referenced deed of trust.

Whereas, the present beneficiary under that certain Deed of Trust herein above described, recorded a Notice of Default and Election to Sell. Said Notice was **Recorded on 02/28/2012 as Instrument No. 2012-0076251** in the office of the Recorder of **SAN BERNARDINO** County, **California**, of official records.

**NOW; THEREFORE, NOTICE IS HEREBY GIVEN THAT:** the present Beneficiary and/or the Trustee, and/or the agent of the Trustee, does hereby rescind, cancel and withdraw said Notice of Breach and Notice of Default and Election to Sell; it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default past, present or future under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Notice, and shall no way jeopardize or impair any right, remedy or privilege secured to the Beneficiary and/or the Trustee, under said Deed of Trust, nor modify nor alter in any respect any of the terms, covenants, conditions or obligations thereof, and said Deed of Trust and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as if said Notice of Breach and Notice of Default and Election to Sell had not been made and given

DATED: **02/13/2013**

**NDEx West, L.L.C. as Agent for Beneficiary**



By:  Paul Barrett

# **Exhibit 6**

Electronically Recorded in Official Records, County of San Bernardino    4/19/2013
01:30 PM
FV

Recording requested by:
**LSI Title Company**

When Recorded Mail To:
**NDex West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**

APN #: 3090-191-17-0-000
Property Address:
**13533 SECOND AVE**
**VICTORVILLE, CALIFORNIA 92392**



**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK

401  LSI Title Company

Doc #:  **2013-0163305**   Titles: 1   Pages: 4



| Fees | 27.00 |
|---|---|
| Taxes | .00 |
| Other | .00 |
| PAID | 27.00 |


DFF20120015000922

Space above this line for Recorder's use only

Trustee Sale No. : **20120015000922**     Title Order No.: **120067364**

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is $10,645.33 as of 04/18/2013 and will increase until your account becomes current.  While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the

FCUS_NoticeOfDefault.rpt - Record - (04/10/2013) - Ver-39                                           Page 1 of 3

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 20120015000922          Title Order No.: 120067364

notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.**
**c/o NDEx West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**
**(866) 795-1852**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: NDEx West, L.L.C. is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 10/30/2003, executed by PETER F MACERA JR, as Trustor, to secure obligations in favor of WORLD SAVINGS BANK, FSB, as Beneficiary Recorded on 11/14/2003 as Instrument No. 2003-0856907 of official records in the Office of the Recorder of SAN BERNARDINO County, California, as more fully described on said Deed of Trust.   Including a Note(s)/ Unconditional Guaranty which had a principal amount of $75,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

**See Attached Declaration**

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 20120015000922          Title Order No.: 120067364

THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 11/15/2011 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.

NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

That by reason thereof, the present beneficiary under said Deed of Trust and/or its loan servicer hereby declare(s) all obligations secured thereby immediately due and payable, invoke(s) the power of sale under said Deed of Trust, and elect(s) to sell the property described therein in satisfaction of those obligations without prejudice to any other default remedies permitted by applicable law.

DATED: 04/18/2013                              \* see exhibit A attached \*

NDEx West, L.L.C. as Trustee for Beneficiary

By:

Meriel Lee, Associate Attorney

EXHIBIT A

# DECLARATION OF COMPLIANCE

*(California Civil Code Section 2923.55(c))*

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC 29715

Borrower(s):  PETER F MACERA JR

Property Address:  13533 SECOND AVE
VICTORVILLE CA 92392

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1.  ☑ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2.  ☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code §2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3.  ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.

4.  ☐ The requirements of California Civil Code §2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" residential real property as defined by California Civil Code §2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Wells Fargo Bank, N.A.

By:

Name:  Christopher Smith

Title:  VP of Loan Documentation

Date:  4/3/2013

053_CA_V3

# Exhibit 7

Recording requested by:
**LSI Title Company**

When Recorded Mail To:
**NDEx West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**
**(866) 795-1852**

APN #: 3090-191-17-0-000
Property Address:
**13533 SECOND AVE**
**VICTORVILLE, CALIFORNIA 92392**


NOTS20120015000922

Electronically Recorded in Official Records, County of San Bernardino    7/16/2013
12:12 PM
ALS



**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK

**401 LSI Title Company**

Doc #: **2013-0311220**

| | |
|---|---|
| Titles: | 1 | Pages: 2 |

| | |
|---|---|
| Fees | 21.00 |
| Taxes | .00 |
| Other | .00 |
| **PAID** | **21.00** |

Space above this line for Recorder's use only

Trustee Sale No. : 20120015000922    Title Order No.: 120067364    FHA/VA/PMI No.:

# NOTICE OF TRUSTEE'S SALE

<u>ATTENTION RECORDER:</u> THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 10/30/2003. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

**NDEx West, L.L.C.,** as duly appointed Trustee under and pursuant to Deed of Trust **Recorded on 11/14/2003 as Instrument No. 2003-0856907** of official records in the office of the County Recorder of **SAN BERNARDINO** County, State of CALIFORNIA.
**EXECUTED BY:    PETER F MACERA JR,**
WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by California Civil Code 2924h(b), (payable at time of sale in lawful money of the United States).
**DATE OF SALE:    08/15/2013    TIME OF SALE:    12:00 PM**
**PLACE OF SALE:    AT THE NORTH ARROWHEAD AVENUE ENTRANCE TO THE COUNTY COURTHOUSE, 351 NORTH ARROWHEAD AVENUE, SAN BERNARDINO, CA.**
**STREET ADDRESS** and other common designation, if any, of the real property described above is purported to be:
**13533 SECOND AVE, VICTORVILLE, CALIFORNIA 92392**
**APN#:    3090-191-17-0-000**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of

Trustee Sale No. : **20120015000922**    Title Order No.: **120067364**    FHA/VA/PMI No.:

Trust,  with interest thereon, as provided in said note(s), advances, under the terms of  said Deed of Trust, fees, charges and expenses of the Trustee and of  the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$72,668.86**. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 for information regarding the trustee's sale or visit this Internet Web site www.lpsasap.com for information regarding the sale of this property, using the file number assigned to this case 20120015000922. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR TRUSTEE SALE INFORMATION PLEASE CALL:

**AGENCY SALES & POSTING**
**3210 EL CAMINO REAL, SUITE 200**
**IRVINE, CA 92602**
**714-730-2727**
**www.lpsasap.com**

NDEx West, L.L.C. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**NDEx West, L.L.C. as Trustee**

BY:  Brenda Bermudez

Dated: **07/15/2013**

# Exhibit 8

## CIV-140123-CIV-VS701229-WI-081902



### Scanned Document Coversheet

System Code:    CIV
Case Number:    VS701229
Case Type:    CIV
Action Code:    WI
Action Date:    01/23/14
Action Time:    8:19
Action Seq:    0002
Printed by:    LTAYL

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

# Writ of Execution issued to San Bernardino County. ( $3,304,176.58 )



NEW FILE

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address):* | FOR COURT USE ONLY |
|---|---|

Maria Mahecha 264157
Attorney at Law
92 Corporate Park, Suite C-220
Irvine, CA 92606
TELEPHONE NO.: 714-545-2450          FAX NO.: 714-545-2449
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Assignee of Record
[X] ATTORNEY FOR   [ ] JUDGMENT CREDITOR   [X] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 303 W. Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA  92415-0210
BRANCH NAME: San Bernardino District

PLAINTIFF: Basally #1, LLC, a California limited liability company
DEFENDANT: Peter Francis Macera, Jr., individually and DBA Interstate Realty; et al.

| WRIT OF | [X] EXECUTION (Money Judgment)<br>[ ] POSSESSION OF   [ ] Personal Property<br>[ ]                    [ ] Real Property<br>[ ] SALE | CASE NUMBER:<br>CIVVS701229 |
|---|---|---|
| | [ ] Limited Civil Case   [ ] Small Claims Case<br>[X] Unlimited Civil Case   [ ] Other _____ | |

1. To the Sheriff or Marshal of the County of:  San Bernardino
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):*  Judgment Recovery Assistance, LLC
   is the [ ] judgment creditor [X] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*

   Peter Francis Macera, Jr.
   9214 SVL Box
   Victorville, CA  92337

   [X] Additional judgment debtors on next page

5. **Judgment entered on** *(date):*
   11/4/2011

6. [ ] **Judgment renewed on** *(dates):*

7. **Notice of sale** under this writ
   a. [X] has not been requested.
   b. [ ] has been requested *(see next page).*

8. [ ] Joint debtor information on next page.

9. [ ]   See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ]   This writ is issued on a sister-state judgment.
11. Total judgment ............................................. $      2,742,782.88
12. Costs after judgment (per filed order or memo CCP 685.090) ...................... $           665.00
13. Subtotal *(add 11 and 12)* ..................... $      2,743,447.88
14. Credits .................................................. $           638.92
15. Subtotal *(subtract 14 from 13)* .......... $      2,742,808.96
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees) .. $       561,342.62
17. Fee for issuance of writ ....................... $            25.00
18. **Total** *(add 15, 16, and 17)* ............... $      3,304,176.58
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) ............ $           751.45
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) ................ $
20. [ ]   The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

COPY

| Issued on *(date):*  JAN 2 3 2014 | Clerk, by   **LISA M. TAYLOR** _____, Deputy |
|---|---|

**NOTICE TO PERSON SERVED:  SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2012]

Martin Dean's
ESSENTIAL FORMS™

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

JRA

EJ-130

| PLAINTIFF: Basally #1, LLC, a California limited liability company | CASE NUMBER: CIVVS701229 |
|---|---|
| DEFENDANT: Peter Francis Macera, Jr., individually and DBA Interstate Realty; et al. | |

### -Items continued from page 1-

21. [X] **Additional judgment debtor** (name, type of legal entity stated in judgment if not a natural person, and last known address):

Peter Francis Macera, Jr. dba Interstate Realty
9214 SVL Box
Victorville, CA  92337

22. [ ] **Notice of sale** has been requested by (name and address):

23. [ ] **Joint debtor** was declared bound by the judgment (CCP 989–994)
   a. on (date):
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   a. on (date):
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   c. [ ] additional costs against certain joint debtors (itemize):

24. [ ] (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
   a. [ ] Possession of real property: The complaint was filed on (date):
      **(Check (1) or (2)):**
      (1) [ ] The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
         The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
      (2) [ ] The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
         (a) $                        was the daily rental value on the date the complaint was filed.
         (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates (specify):
   b. [ ] Possession of personal property.
      [ ] If delivery cannot be had, then for the value (itemize in 24e) specified in the judgment or supplemental order.
   c. [ ] Sale of personal property.
   d. [ ] Sale of real property.
   e. Description of property:

---

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

▷ *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

---


RA

# **Exhibit 9**

RECORDING REQUESTED BY:
Chicago Title Insurance Company

WHEN RECORDED MAIL TO:
    Fidelity National Law Group
    915 Wilshire Boulevard., Suite 2100
    Los Angeles, CA 90017

L/Claim No. L66035/C450468

*Recorded in Official Records, County of San Bernardino*

5/08/2014
4:28 PM
CA

**DENNIS DRAEGER**
ASSESSOR – RECORDER – CLERK

P Counter

Doc#:  **2014–0168013**

| Titles: | 1 | Pages: | 5 |
|---|---|---|---|
| Fees | | | 30.00 |
| Taxes | | | 0.00 |
| Other | | | 6.00 |
| PAID | | | $36.00 |

APN: 3090-191-17-0-000

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Deed of Trust

Title of Document

This Deed of Trust is being executed and recorded solely to correct the identity of the Borrower/Trustor in a Deed of Trust recorded on November 14, 2003 as Document No. 2003-0856907 in the Official Records, County of San Bernardino.

This page is added to provide adequate space for recording information.

MAIL TAX STATEMENTS to Peter F. Macera,  16100 Navajo Road, Apple Valley, California 92307

RECORDING REQUESTED BY:
    Chicago Title Insurance Company

WHEN RECORDED MAIL TO:
    Fidelity National Law Group
    915 Wilshire Boulevard., Suite 2100
    Los Angeles, CA 90017

L/Claim No. L71614/C175636

Space above this line for recorders use

# CORRECTIVE DEED OF TRUST

This Agreement is made by and between Wells Fargo Bank, N.A., Successor by Merger with Wells Fargo Bank Southwest, N.A., F/K/A Wachovia Mortgage FSB, F/K/A World Savings Bank, FSB, herein after called Beneficiary, and El Drag, Inc., a California corporation, hereinafter called Borrower.

WHEREAS, on November 11, 2003, Borrower's principal Peter F. Macera, Jr. did make, execute, and deliver to World Savings Bank, FSB, as Beneficiary, and Golden West Savings Association Service Co., as Trustee, that certain Deed of Trust recorded on November 14, 2003 as Document No. 2003-0856907 in the Official Records, County of San Bernardino. Said Deed of Trust secures a promissory note dated October 30, 2003, in the amount of $75,000.00.

WHEREAS, said Deed of Trust incorrectly identified Peter F. Macera, Jr. as the Borrower and Trustor, instead of Borrower, who was the vested owner of the subject real property commonly known as 13533 Second Avenue, Victorville, CA 92392 (the "Property"; Assessor's Parcel Number or APN 3090-191-17-0-000), contrary to the true intent of the parties of said Deed of Trust; the Property consists of the following legal description:

LOT 35, TRACT 5419, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 67, PAGE 38 TO 42 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

WHEREAS, the parties hereto desire to correct said Deed of Trust to conform to the true intent of the parties.

NOW THEREFORE, in consideration of the foregoing, the parties hereto do hereby correct said Deed of Trust to name El Drag, Inc., a California corporation as Borrower and Trustor to the Deed of Trust.

Borrower hereby grants and conveys the above described Property to Trustee and Beneficiary under said Deed of Trust together with power of sale and subject to each and all of the terms and conditions of said Deed of Trust, including this correction and any supplement thereto. Borrower ratifies the Deed of Trust as an encumbrance on the above described Property as if first encumbering said Property on the date on which the Deed of Trust was first delivered to Trustee and Beneficiary.

IT IS FURTHER AGREED, by and between the parties hereto, that in all other respects not inconsistent herewith, the terms of said Deed of Trust which are incorporated herein by reference thereto shall remain in full force and effect and be binding hereon. Said Deed of Trust as herein corrected shall constitute one Deed of Trust.

MAIL TAX STATEMENTS to Peter F. Macera, 16100 Navajo Road, Apple Valley, California 92307

This agreement may be signed in counterparts.

This agreement shall inure to the benefit of and be binding upon the heirs, devisees, successors and assigns of the parties hereto.

By signing below, the parties accept and agree to the terms and covenants contained in this Correction Agreement.

**BENEFICIARY:**

**WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER WITH WELLS FARGO BANK SOUTHWEST, N.A., F/K/A WACHOVIA MORTGAGE FSB, F/K/A WORLD SAVINGS BANK, FSB**

Dated: April 24, 2014

By: Cynthia Turner
Vice President Loan Documentation
Wells Fargo Bank, N.A.
Date: April 24, 2014

State of Texas          )
                        ) ss
County of Bexar         )

On April 24, 2014 before me, Danyale M Villaseñor     , a Notary Public, personally appeared Cynthia Turner     , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of   Texas     that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Danyale M. Villaseñor
Notary Public



DANYALE M VILLASEÑOR
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/17/15

MAIL TAX STATEMENTS to Peter F. Macera,  16100 Navajo Road, Apple Valley, California 92307

**BORROWER:**

El Drag, Inc., a California corporation

Dated: 4-30-2014

By: Peter F. Macera, Jr.

Title/Position: PRESIDENT

State of California                )
                                   ) ss
County of _____           )

On _____ before me, _____, personally appeared
_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY
under the laws of the State of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
  SEE ATTACHED CALIFORNIA
  ALL-PURPOSE ACKNOWLEDGEMENT
_____
Notary Public

MAIL TAX STATEMENTS to Peter F. Macera,  16100 Navajo Road, Apple Valley, California 92307

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

STATE OF ___California_____ )SS

COUNTY OF __SAN BERNARDINO_____ )

On __APRIL 30, 2014_____ before me, __LES KAYE_____, Notary Public, personally appeared __PETER F. MACERA, JR._____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _~~~ ~~ NOTARY PUBLIC_____

LES KAYE, NOTARY PUBLIC

> **LES KAYE**
> **COMM. #1999906**
> Notary Public-California
> SAN BERNARDINO COUNTY
> My Comm. Exp. DEC 3, 2016
> ESI1

This area for official notarial seal.

## OPTIONAL SECTION
## CAPACITY CLAIMED BY SIGNER

Though statute does not require the Notary to fill in the data below, doing so may prove invaluable to persons relying on the documents.

[X] INDIVIDUAL

[ ] CORPORATE OFFICER(S)    TITLE(S)

[ ] PARTNER(S)   [ ] LIMITED          [ ] GENERAL

[ ] ATTORNEY-IN-FACT

[ ] TRUSTEE(S)

[ ] GUARDIAN/CONSERVATOR

[ ] OTHER

SIGNER IS REPRESENTING:

_____          _____
**Name of Person or Entity**                      Name of Person or Entity

## OPTIONAL SECTION

Though the data requested here is not required by law, it could prevent fraudulent reattachment of this form.

### THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED BELOW

TITLE OR TYPE OF DOCUMENT: __CORRECTIVE DEED OF TRUST_____

NUMBER OF PAGES _____   DATE OF DOCUMENT _____

SIGNER(S) OTHER THAN NAMED ABOVE _____

Reproduced by First American Title Insurance Company Mortgage Services-NTP 11/2007

## Exhibit 10

# FIRST AMERICAN TITLE

### RECORDING REQUESTED BY
*mail taxesto:*
WHEN RECORDED MAIL TO

| | |
|---|---|
| NAME | EL DRAG, INC. |
| ADDRESS | 16100 NAVAJO RD. |
| CITY | APPLE VALLEY, CA 92307 |
| STATE & ZIP | |

Title Order No. 37-80178

APN: 0437-482-01

Electronically Recorded in Official Records, County of San Bernardino    12/10/2007
12:55 PM
BN



**LARRY WALKER**
Auditor/Controller - Recorder

712 First American - DC

Doc #: **2007-0686987**    Titles: 1    Pages: 2

| | |
|---|---|
| Fees | 11.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 11.00 |

Escrow No.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

The undersigned declares that the documentary transfer tax is $0.00 (no Consideration)  and is

☐ Computed on the full value of the interest or property conveyed, or is

☐ Computed on the full value less the value of liens or encumbrances remaining at time of sale.  The land, tenements realty is located in

☐ Unincorporated area of:        ☑ City of: APPLE VALLEY        and

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged.** GOLDSTONE FINANCIAL INC., a Nevada Corporation

**hereby GRANT(S) to** EL DRAG, INC., a California Close Corporation

the following described real property in the City of Apple Valley_____,

County of San Bernardino_____, State of California.

SEE EXHIBIT "A" attached hereto and made a part hereof.

THIS INSTRUMENT FILED FOR RECORD BY FIRST AMERICAN
TITLE CO. AS AN ACCOMMODATION ONLY. IT HAS NOT
BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS
EFFECT UPON TITLE.

Goldstone Financial Inc., A Nevada Corporation

X _Peter F Macera Jr_____

By:  Peter F. Macera, Jr. - President

**Dated:** Dec. 7, 2007        **State of California, County of** San Bernardino

On December 7, 2007 before me B. Taggart, Notary Public
(Name of Notary Public)

personally appeared **Peter F. Macera, Jr.**

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

B. Taggart

(Signature of Notary Public)

B. TAGGART
COMM. # 1654365
NOTARY PUBLIC-CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires March 26, 2010

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT "A"

THE WEST 1/2 OF THE NORTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION
3, TOWNSHIP 5 NORTH, RANGE 3 WEST, SAN BERNARDINO BASE AND MERIDIAN
IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, ACCORDING TO
THE OFFICIAL PLAT OF SAID LAND ON FILE IN THE DISTRICT LAND OFFICE.

EXCEPT THEREFROM THE NORTH 50 FEET AS CONVEYED TO THE COUNTY OF SAN
BERNARDINO BY DEED RECORDED SEPTEMBER 30, 1958 IN BOOK 4620 PAGE
577 OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM FROM ALL THE ABOVE DESCRIBED LANDS AN
UNDIVIDED ONE-HALF INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS
AND MINERALS NOW OR AT ANY TIME HEREAFTER SITUATE THEREIN AND
THEREUNDER, TOGETHER WITH ALL EASEMENTS AND RIGHTS NECESSARY OR
CONVENIENT FOR THE PRODUCTION, STORAGE AND TRANSPORTATION THEREOF
AND THE EXPLORATION AND TESTING OF THE SAID REAL PROPERTY AND ALSO
THE RIGHT TO DRILL FOR, PRODUCE AND USE WATER FROM SAID REAL
PROPERTY IN CONNECTION WITH ITS DRILLING OR MINING OPERATIONS
THEREON. THE INTEREST HEREIN RESERVED, SAVED AND EXCEPTED SHALL BE
FREE AND CLEAR OF ALL COST FOR EXPLORATION, DRILLING AND MARKETING
OF ANY AND ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERALS SAVED
OR PRODUCED BY GRANTEE, HIS HEIRS, PERSONAL REPRESENTATIVES,
SUCCESSORS, LESSEES OR ASSIGNS, AND SHALL FURTHER BE FREE OF ANY
OTHER EXPENSES IN CONNECTION THEREWITH WITHOUT THE GRANTOR'S PRIOR
WRITTEN CONSENT TO SUCH EXPLORATION, DRILLING OR MARKETING, AS
RESERVED BY NEWTON T. BASS AND VIRGINIA W. BASS IN THE DEED
RECORDED JULY 13, 1946 IN BOOK 1944 PAGE 96 OF OFFICIAL RECORDS.

# Exhibit 11

Electronically Recorded in Official Records, County of San Bernardino

6/13/2014
04:02 PM
FV

**DENNIS DRAEGER**

ASSESSOR - RECORDER - CLERK

41T  Ticor Title Company of CA

**TICOR TITLE**
**RIVERSIDE**

Doc #:  **2014-0214758**

| | | | Titles: 1 | Pages: 2 |
|---|---|---|---|---|
| Fees | | | | 18.00 |
| Taxes | | | | .00 |
| Other | | | | .00 |
| PAID | | | | 18.00 |

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:

Peter F. Macera, Jr
16100 Navajo Road
Apple Valley, CA 92307

ORDER NO.:     None

ESCROW NO.: None

Parcel No.<u>0437-482-01</u>

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)

☐ unincorporated area

X   the City of ~~VICTORVILLE~~ Apple Valley

Documentary Transfer Tax is $None

X   computed on full value of interest or property conveyed, or

☐ full value less value of liens or encumbrances remaining at the time of sale

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**El Drag, Inc., a California Close Corporation**

hereby GRANT(s) to

Peter F. Macera, Jr. an  unmarried man, as to an undivided ½ interest and Susan Lehman, an unmarried

woman, as to an undivided ½ interest, as tenants in common

the following real property in the City of Victorville, County of San Bernardino, State of California:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Dated: June 11, 2014

El Drag, Inc., A California Close Corporation

x _Peter F Macera Jr_

Peter F. Macera Jr, President

THIS DOCUMENT IS FILED FOR RECORD
BY TICOR TITLE COMPANY
AS AN ACCOMODATION ONLY. IT HAS NOT
BEEN EXAMINED AS TO IT'S EXECUTION
OR AS TO IT'S EFFECT UPON THE TITLE.

STATE OF CALIFORNIA
COUNTY OF San Bernardino    } ss:

On  June 12, 2014  before me, Tracy Hayes
a Notary Public, personally appeared  Peter F. Macera, Jr.
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _Tracy Hayes_

Tracy Hayes
COMM. #2048796
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires Nov. 11, 2017

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

Page 1

EXHIBIT "A"

THE WEST 1/2 OF THE NORTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION
3, TOWNSHIP 5 NORTH, RANGE 3 WEST, SAN BERNARDINO BASE AND MERIDIAN
IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, ACCORDING TO
THE OFFICIAL PLAT OF SAID LAND ON FILE IN THE DISTRICT LAND OFFICE.

EXCEPT THEREFROM THE NORTH 50 FEET AS CONVEYED TO THE COUNTY OF SAN
BERNARDINO BY DEED RECORDED SEPTEMBER 30, 1958 IN BOOK 4620 PAGE
577 OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM FROM ALL THE ABOVE DESCRIBED LANDS AN
UNDIVIDED ONE-HALF INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS
AND MINERALS NOW OR AT ANY TIME HEREAFTER SITUATE THEREIN AND
THEREUNDER, TOGETHER WITH ALL EASEMENTS AND RIGHTS NECESSARY OR
CONVENIENT FOR THE PRODUCTION, STORAGE AND TRANSPORTATION THEREOF
AND THE EXPLORATION AND TESTING OF THE SAID REAL PROPERTY AND ALSO
THE RIGHT TO DRILL FOR, PRODUCE AND USE WATER FROM SAID REAL
PROPERTY IN CONNECTION WITH ITS DRILLING OR MINING OPERATIONS
THEREON. THE INTEREST HEREIN RESERVED, SAVED AND EXCEPTED SHALL BE
FREE AND CLEAR OF ALL COST FOR EXPLORATION, DRILLING AND MARKETING
OF ANY AND ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERALS SAVED
OR PRODUCED BY GRANTEE, HIS HEIRS, PERSONAL REPRESENTATIVES,
SUCCESSORS, LESSEES OR ASSIGNS, AND SHALL FURTHER BE FREE OF ANY
OTHER EXPENSES IN CONNECTION THEREWITH WITHOUT THE GRANTOR'S PRIOR
WRITTEN CONSENT TO SUCH EXPLORATION, DRILLING OR MARKETING, AS
RESERVED BY NEWTON T. BASS AND VIRGINIA W. BASS IN THE DEED
RECORDED JULY 13, 1946 IN BOOK 1944 PAGE 96 OF OFFICIAL RECORDS.

FORM B104  (08/07)                                                                                      2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Robert S. Whitmore, Chapter 7 Trustee | DEFENDANTS<br>Wells Fargo Bank, N.A.; El Drag, Inc.; Peter Francis Macera, Jr.;<br>Susan Lehman |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Reid & Hellyer, APC        Telephone 951-686-2415<br>3880 Lemon Street, 5th Floor, P.O. Box 1300<br>Riverside, CA 92502-1300 | ATTORNEYS (If Known)<br>Wells Fargo Bank, N.A.: Unknown<br>Debtor: Todd L. Turoci, 3732 12th Street, Riverside, CA 92501<br>El Drag, Inc.: Unknown.        Susan Lehman: Unknown. |

| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☑ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor      ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Chapter 7 Trustee's Complaint to Avoid Preferences, Determine Interest in Real Property and Recover Fraudulent Transfer
11 U.S.C. Sections 547(b) & 548

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☒ 12-Recovery of money/property - §547 preference

☒ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false
    representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
    larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state
    court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Declaratory Relief

FORM B104 (08/07), page 2                                                2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Peter Francis Macera, Jr. | 6:14-bk-18815 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central | Riverside | Hon. Wayne Johnson |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*Scott Talkov*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| Feb. 10, 2015 | Scott Talkov |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.